UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

RUBEN RAMIREZ-DIMAS,
          *Defendant-Appellant.*

No. 02-4045

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-225)

Submitted: June 13, 2002

Decided: June 21, 2002

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Arnold L. Husser, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ruben Ramirez-Dimas appeals his sentence of ninety-six months imprisonment following his guilty plea to unlawful reentry of a deported alien after conviction of an aggravated felony, in violation of 8 U.S.C.A. § 1326(a), (b)(2) (West 1999). Ramirez-Dimas' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting Ramirez-Dimas' sentence was unduly harsh, but stating that, in his view, there are no meritorious grounds for appeal. Advised of his right to file a pro se supplemental brief, Ramirez-Dimas has not done so. Finding no reversible error, we affirm.

Ramirez-Dimas argues his prior felony convictions should have been treated as an element of his offense, rather than a sentencing factor. Because the Supreme Court has held that § 1326(b)(2) sets forth a sentencing factor rather than an element of the offense, this claim is without merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Ramirez-Dimas also contends the district court erred by imposing a sentence at the high end of the sentencing guidelines range. However, because his sentence is within the properly calculated sentencing guidelines range and is less than the statutory maximum sentence, it is not reviewable. *See United States v. Jones*, 18 F.3d 1145, 1150-51 (4th Cir. 1994); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Ramirez-Dimas' conviction and sentence. We deny counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*